IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MANUEL JESUS ARGUIJO-CERVANTES,

      Petitioner,      OPINION AND ORDER

  v.               11-cr-4-wmc
                  12-cv-667-wmc

UNITED STATES OF AMERICA,

      Respondent.

---

  Manuel Jesus Arguijo-Cervantes has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. His primary claim is that he was denied a downward departure under an early disposition or "fast-track program" approved by the United States Attorney General, which offers certain defendants charged with illegal re-entry into the United States an opportunity for a reduced sentence in exchange for a prompt guilty plea. Arguijo-Cervantes' motion will be denied for reasons set forth below, not the least of which is that he was not eligible for the fast-track program.

## BACKGROUND

  Arguijo-Cervantes is a native and citizen of Mexico. In 1989, Arguijo-Cervantes was deported from the United States, following a drug trafficking conviction (possession with intent to deliver or manufacture a controlled substance) in Sauk County, Wisconsin. He returned in 1990, claiming to be a United States citizen.

  In 1999, Arguijo-Cervantes was convicted of unlawful possession of a firearm as a felon in Dane County Case No. 99CF2805 under the name Manuel Dejesus Arguijo.

1

While on probation in that case, Arguijo-Cervantes admitted distributing approximately three kilograms of cocaine between March 2, 2000, and March 22, 2001.

In 2003, Arguijo-Cervantes was charged with another drug-trafficking offense (possession with intent to distribute cocaine) in Dane County Case No. 03CF1790. He pled guilty and was sentenced to two years' imprisonment in that case. In May of 2006, Arguijo-Cervantes was deported to Mexico. Despite receiving formal notice that he was prohibited from re-entering the United States at any time because his conviction in Case No. 03CF1790 qualified as an aggravated felony for purposes of the immigration statutes, Arguijo-Cervantes illegally returned to the United States the within following year.

In July of 2007, Arguijo-Cervantes was apprehended by police in Illinois and returned to Wisconsin on a probation warrant. At that time, officers recovered cocaine and a rifle from his home. In September 2007, a federal grand jury in the United States District Court for the Eastern District of Wisconsin charged Arguijo-Cervantes with illegal reentry after deportation for an aggravated felony (namely, possession with intent to distribute cocaine in Dane County Case No. 03CF1790). Arguijo-Cervantes pled guilty pursuant to a written agreement and the district court imposed a sentence of 42 months' imprisonment. *See United States v. Arguijo-Cervantes*, Case No. 07-cr-247.

At his sentencing in Case No. 07-cr-247, Arguijo-Cervantes assured the district court that he would not return to the United States. On October 2, 2010, he was deported to Mexico following his release from federal prison. Less than a month later, Arguijo-Cervantes illegally returned to the United States.

On January 19, 2011, a grand jury in this district returned a one-count indictment against Arguijo-Cervantes, charging him with illegal re-entry into the United States following deportation in violation of 8 U.S.C. § 1326. On March 30, 2011, he entered an unconditional guilty plea to those charges. Despite his lengthy criminal record and repeated illegal re-entry into the United States, this court sentenced him at the bottom of the advisory guideline range, imposing 57 months' imprisonment.

On direct appeal from his conviction, appointed counsel submitted a motion to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967), along with a brief. Having considered and rejected several other, potential issues raised by appellate counsel, the Seventh Circuit found the 57-month sentence imposed in Arguijo-Cervantes' case was proper:

> Counsel finally considers whether Arguijo-Cervantes might argue that his 57–month sentence is unreasonable but aptly rejects any such argument as frivolous. Arguijo-Cervantes's sentence is at the bottom of his guidelines range and thus presumptively reasonable, *see Rita v. United States*, 551 U.S. 338, 350-51 (2007); *United States v. Barnes*, 660 F.3d 1000, 1010 (7th Cir. 2011), and counsel identifies no reason to disturb that presumption. The district court properly applied the factors listed in 18 U.S.C. § 3553(a), discussing Arguijo-Cervantes's long history of drug sales and illegal reentry, as well as his family ties to the United States, *see* 18 U.S.C. § 3553(a)(1), and noting the importance of deterrence, especially given his recent promise to a federal judge that he would not return to the United States after his deportation in 2010, only to return again a few weeks later, *see id.* § 3553(a)(2)(B); *United States v. Perez-Molina*, 627 F.3d 1049, 1051 (7th Cir. 2010). The court appropriately found that these considerations outweighed Arguijo-Cervantes's request for a below-range sentence to account for family ties being the principal motivation for his return.

*United States v. Arguijo-Cervantes*, 461 F. App'x 513, 2012 WL 475928 (7th Cir. 2012). Finding no error, the Seventh Circuit granted counsel's motion to withdraw and dismissed

3

the appeal as frivolous. Arguijo-Cervantes did not pursue certiorari review before the United States Supreme Court.

Arguijo-Cervantes now seeks relief from his sentence pursuant to 28 U.S.C. § 2255, arguing primarily that he was denied a downward departure under a "fast-track program" for illegal re-entry defendants. In addition, Arguijo-Cervantes argues that he is entitled to relief under *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), because defense counsel in his 2003 conviction in Dane County Case No. 03CF1790 did not advise him of the potential immigration consequences of pleading guilty to an aggravated felony.

OPINION

A motion for relief under 28 U.S.C. § 2255 invokes "an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 520 (7th Cir. 2007) (citing *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006)). As such, a motion under § 2255 cannot be used to relitigate matters that were raised on direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). Likewise, claims omitted on direct appeal may be considered on collateral review only if the petitioner can show good cause for failing to raise the issue previously and actual prejudice based on the alleged error. *See, e.g., Fuller v. United States*, 398 F.3d 644, 648 (7th Cir. 2005). Relief under § 2255 is appropriate only where a defendant establishes "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect

which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)). Petitioner Arguijo-Cervantes falls far short of this high bar.

I. Claims Concerning the Fast-Track Program

In three related claims for relief, petitioner contends that he was entitled to a reduction in sentence under an early disposition or fast-track program of the sort developed initially to handle increasingly large numbers of illegal re-entry cases along the southwestern border of the United States.[1] Specifically, Arguijo-Cervantes argues that his defense attorney was deficient for failing to request a reduction in sentence pursuant to a fast-track program. He also contends that the prosecutor erred by not offering a reduction in sentence under a fast-track program and that this court abused its discretion by failing to consider, *sua sponte*, petitioner's eligibility for this type of relief. Arguijo-Cervantes cannot prevail on any of these claims for a variety of reasons.

First, at the time Arguijo-Cervantes was sentenced, the Western District of Wisconsin had no formal fast-track program in place. Even so, district courts in the Seventh Circuit were encouraged by that time to *consider* the disparity created by

---

[1] In 2003, then-Attorney General John Ashcroft issued a formal memorandum setting forth criteria to be used by United States Attorneys' Offices seeking to establish this type of program. More recently, Attorney General Eric Holder expanded this policy to include every district, requiring fast-track programs for all illegal re-entry prosecutions no later than March 1, 2012. *See Memorandum from Deputy Attorney Gen. James M. Cole to All U.S. Attorneys, Dep't Policy on Early Disposition or "Fast–Track" Programs* (Jan. 31, 2012), available at www.justice.gov/dag/fast-track-program.pdf (last visited August 10, 2013); *see also United States v. Anaya–Aguirre*, 704 F.3d 514, 516 n. 1 (7th Cir. 2013). Arguijo-Cervantes includes a

fast-track programs in other areas of the country when sentencing illegal re-entry defendants. *See United States v. Reyes-Hernandez*, 624 F.3d 405 (7th Cir. 2010). Arguijo-Cervantes' problem is that, contract to his contention, this court *considered* his eligibility for a reduction pursuant to the direction in *Reyes-Hernandez*, but concluded that a downward departure was not warranted. (*See* Dkt. # 24, *Sentencing Trans.* at 19).

Second, Arguijo-Cervantes does not show that he was eligible for "fast tracking" even under the minimum criteria established for such a program. *See, e.g., United States v. Ramirez*, 675 F.3d 634, 641 (7th Cir. 2011) (To benefit from a fast-track program "a defendant must, as a starting point, promptly plead guilty, agree to a factual basis for the offense, and waive his rights to file pretrial motions, to appeal, and to seek postconviction relief under § 2255"). On the contrary, the unconditional plea entered by Arguijo-Cervantes, while prompt, was devoid of the requisite waivers. Moreover, because of his record of repeated illegal re-entries into the United States following formal removal proceedings *and* his prior conviction for illegal re-entry following removal for an aggravated felony, *see United States v. Arguijo-Cervantes*, Case No. 07-cr-247 (E.D. Wis.), it is highly unlikely that the government would have offered, much less that the court would have agreed to, the benefit of a fast-track program (had it even existed in this district at the time sentence was imposed). Accordingly, Arguijo-Cervantes' request for relief based on his being "denied" the benefit of a fast-track program at the time of sentencing is without merit.

---

portion of this memorandum along with his § 2255 motion.

## II. Claim for Relief Under *Padilla v. Kentucky*

Arguijo-Cervantes also claims entitlement to relief from his conviction because he was denied effective assistance of counsel in connection with the aggravated felony offense that enhanced his punishment for illegal reentry following deportation. In particular, Arguijo-Cervantes contends that his illegal-reentry conviction must be set aside pursuant to the holding in *Padilla v. Kentucky*, 559 U.S. 356 (2010), because his defense counsel in Dane County Case No. 03CF1790 did not advise him of the potential immigration consequences of pleading guilty to an aggravated felony of possession with intent to distribute cocaine.

In *Padilla*, the United States Supreme Court held that a criminal defense attorney's failure to advise a non-citizen defendant about the risk of deportation arising from a guilty plea may constitute ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). *See Padilla*, 559 U.S. at 387-88. *Padilla* was decided on March 31, 2010, and Arguijo-Cervantes was convicted and sentenced nearly a full year later in March of 2011, meaning his counsel could have and should have raised this issue before judgment was entered. Unfortunately for Arguijo-Cervantes, collateral review is barred as the result of his procedural default unless he can show good cause for failing to raise the issue and actual prejudice. *See Bousley v. United States*, 523 U.S. 614, 622 (1998). This Arguijo-Cervantes cannot do.

Having already been deported previously for a drug-trafficking conviction in 1989, it is highly doubtful that Arguijo-Cervantes was unclear about the likely collateral

7

consequences of pleading guilty to yet another felony offense in 2003. The fact that he returned to the United States illegally by using an assumed identity, as evidenced by his conviction in Dane County Case No. 99CF2805 under the name Manuel Dejesus Arguijo, indicates that Arguijo-Cervantes was well aware that he faced a risk of deportation with or without another felony conviction.

Because Arguijo-Cervantes' allegations of ineffective-assistance are implausible, the court concludes that his claim for relief based on *Padilla* is barred from review by the doctrine of procedural default. Even if not barred by reason of this procedural defect, his allegations of ineffective-assistance are unpersuasive and do not present a valid claim. Absent a valid claim for relief, Arguijo-Cervantes' motion pursuant to 28 U.S.C. § 2255 is denied.

### III. Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the court must issue or deny a certificate of appealability when entering a final order adverse to the applicant. A certificate of appealability will not issue unless the applicant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires an applicant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires an applicant to

show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the applicant must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Although Rule 11 allows the court to direct the parties to submit arguments on the possible issuance of a certificate of appealability, it is unnecessary to do so in this instance. For the reasons stated above, the court concludes that no reasonable jurist would debate whether a different result was required. For this reason, no certificate of appealability will issue.

## ORDER

IT IS ORDERED that:

1. Manuel Jesus Arguijo-Cervantes' motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED.
2. A certificate of appealability is DENIED.

Entered this 4th day of December, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge